**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Patricia Thompson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   11 C 1932 |
| | ) | |
| National Enterprise Systems, Inc., an | ) | |
| Ohio corporation, Zenith Acquisition | ) | |
| Corporation, a New York corporation, | ) | |
| and Equable Ascent Financial, LLC, a | ) | |
| Delaware limited liability company, | ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Patricia Thompson, brings this action under the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt

collection actions violated the FDCPA, and to recover damages for Defendants'

violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28

U.S.C. § 1331.

2.     Venue is proper in this District because: a) parts of the acts and

transactions occurred here; and, b) one Defendant is headquartered here and all

Defendants reside and transact business here.

**PARTIES**

3.     Plaintiff, Patricia Thompson ("Thompson"), is a citizen of the State of New

Jersey, from whom Defendants attempted to collect a delinquent consumer debt owed

for a Wells Fargo Financial account, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, National Enterprise Systems, Inc. ("NES"), is an Ohio corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  NES operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant NES was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.      Defendant, Zenith Acquisitions Corporation ("Zenith"), is a New York corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  Zenith operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Zenith was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6.      Defendant, Equable Ascent Financial, LLC ("Equable"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  From its offices in Buffalo Grove, Illinois,

2

Equable operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Equable was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

7.      Defendants Zenith and Equable are both bad debt buyers -- firms that buy large portfolios of defaulted consumer debts for pennies on the dollar, which they then collect upon through other collection agencies.

8.      All three Defendants, NES, Zenith and Equable, are authorized to conduct business in the State of Illinois and maintain registered agents within the State of Illinois, see, record from the Illinois Secretary of State, attached as Group Exhibit A.  In fact, all three conduct business in Illinois.

9.      Moreover, all three Defendants, NES, Zenith and Equable, are licensed as debt collection agencies in the State of Illinois.  See, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B.  In fact, all three Defendants act as collection agencies in Illinois.

**FACTUAL ALLEGATIONS**

10.      Ms. Thompson is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed originally for a Wells Fargo account.  At some point in time, Defendant Zenith, and then Defendant Equable, bought Ms. Thompson's Wells Fargo debt after she defaulted on it, and when Defendants began trying to collect this debt from her, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial

3

difficulties and Defendants' collection actions.

11.     Specifically, Defendants NES and Zenith sent Ms. Thompson a collection letter, dated September 22, 2010, demanding payment of the Wells Fargo debt from Ms. Thompson.  A copy of this letter is attached as Exhibit C.

12.     Accordingly, on November 2, 2010, one of Ms. Thompson's attorneys at LASPD informed Defendants that Ms. Thompson was represented by counsel, and directed Defendants to cease contacting her, and to cease all further collection activities because Ms. Thompson was forced, by her financial circumstances, to refuse to pay her unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit D.

13.     Nonetheless, despite being advised that Ms. Thompson was represented by counsel and refused to pay the debt, Defendants then transferred the account to Defendant Equable.  On January 6, 2011 Defendants NES and Equable sent Ms. Thompson a collection letter, which demanded payment of the Wells Fargo Financial debt.  A copy of this letter is attached as Exhibit E.

14.     On February 28, 2011, Ms. Thompson's attorneys at LASPD had to inform Defendants again that Ms. Thompson was represented by counsel and that they had to cease communications and to cease collections.  Copies of this letter and fax confirmation are attached as Exhibit F.

15.     Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

16.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

17.     Plaintiff adopts and realleges ¶¶ 1-16.

18.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

19.     Here, the letter from Ms. Thompson's agent, LASPD, told Defendants to cease communications and to cease collections (Exhibit D).  By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

20.     Defendants' violations of § 1692c(c) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

21.     Plaintiff adopts and realleges ¶¶ 1-16.

22.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

23.     Defendants knew, or readily could have known, that Ms. Thompson was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendants, in writing (Exhibit D), that Ms. Thompson was represented by

counsel, and had directed a cessation of communications with Ms. Thompson. By sending a collection letter to Ms. Thompson, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

24. Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT III
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

28. Plaintiff adopts and realleges ¶¶ 1-16.

29. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt. Defendants, by failing to advise each other of, or completely ignoring, the fact that Ms. Thompson was represented by counsel and had demanded an end to communications, used unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

30. Defendants' violation of § 1692f of the FDCPA renders them liable for damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Patricia Thompson, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Thompson, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

6

**JURY DEMAND**

Plaintiff, Patricia Thompson, demands trial by jury.

Patricia Thompson,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated:  March 21, 2011

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com